The **SCHOOL DISTRICT OF the BOR-OUGH OF WEST HOMESTEAD,**
Appellant,

v.

**INTERIM OPERATING COMMITTEE OF ADMINISTRATIVE UNIT NO. 21 et al.**

No. 71–1688.

United States Court of Appeals, Third Circuit.

Argued May 23, 1972.

Decided June 6, 1972.

Aaron Cohen, Cohen & Popiel, Pittsburgh, Pa., for appellant.

J. Justin Blewitt, Jr., Harrisburg, Pa., for appellee.

Before STALEY, ALDISERT and HUNTER, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

The School District of the Borough of West Homestead, Pennsylvania, appeals from a dismissal of its complaint alleging procedural due process deprivation during the reorganization of school districts of the boroughs of Munhall, Homestead and West Homestead pursuant to 24 Pa.Stat.Anno. § 2400.1, et seq. It alleges that it was denied a proper hearing and the opportunity to cross-examine the Allegheny County School Superintendent. We find no merit to these contentions.

The Pennsylvania statute, found to be constitutional in Chartiers Valley Joint Schools v. Allegheny Bd. of School Directors, 418 Pa. 520, 211 A.2d 487 (1965), provides for a conference between the "county board of school directors" and the "board of directors of each school district," § 2400.2. Section 2400.-3 provides for an appeal to and a hearing with the State Board of Education, and an appeal therefrom may be lodged in the state Court of Common Pleas, § 2400.5.

We have concluded that Judge Hubert I. Teitelbaum properly disposed of appellant's contentions:

The first stage of the reorganization proceedings called for the Allegheny County Board of School Directors to prepare a plan for the organization of the school districts of Allegheny County into administrative units. At that stage the County Board afforded the plaintiff, which is within Allegheny County, an opportunity to submit a written brief and an oral argument. The plaintiff availed itself of both of these opportunities. The plan which the County Board thereafter drafted placed the plaintiff in Unit No. 21 with the school districts of Homestead and Munhall. Subsequently, pursuant to the Act, the plaintiff appealed first to the Pennsylvania State Board of Education and second to the Court of Common Pleas of Allegheny County. At each of these proceedings the plaintiff declined to offer evidence or otherwise participate therein on the grounds that the County Board had not filed findings of facts and conclusions of law with the State Board to support its plan and that the hearing held by the County Board was improper. Both the State Board and the Court of Common Pleas upheld the appropriateness of the unit under the provisions of the Act. On appeal, the Superior Court of Pennsylvania affirmed *per curiam* without opinion the decision of the Court of Common Pleas. Thereafter the Supreme Court of Pennsylvania denied a petition for allowance of appeal from the Order of the Superior Court. The plaintiff then turned to this Court.

We find the plaintiff's position untenable. In School District of West Homestead v. Allegheny County Board of School Directors, 440 Pa. 113, 269 A.2d 904 (1970), a related proceeding, the Supreme Court of Pennsylvania read the Act as providing,

" . . . a comprehensive and constitutionally adequate procedure which is the exclusive procedure available to a school district which considers itself aggrieved by the actions of the County and State Boards."

The failure of the plaintiff to take advantage of that procedure was its choice. An opportunity to be heard was afforded by both the State Board and the Court of Common Pleas but was declined. The Act does not direct the County Board to file findings of facts and conclusions of law. Nor does it specify the kind or duration of the proceedings which the County Board must conduct in preparing its plan. Further, the County Board's plan is in the nature of a recommendation which the State Board is free to review and either accept or reject. Any misgivings which the plaintiff may have had regarding the proceedings before the County Board should have been raised with the State

Board. In these circumstances, the plaintiff can not legitimately claim that it has been denied an opportunity to be heard.

Additionally, we reject appellant's suggestion that Judge Teitelbaum's opinion failed to comport with F.R.Civ. Pro. 52(a).

The judgment of the district court will be affirmed.